**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **VALISSA BROWN**<br>2250 Par Lane, Apt. 621<br>Willoughby, OH 44094,<br>individually and on behalf of all others similarly situated,<br><br>   **Plaintiff,**<br><br>v.<br><br>**DR. KATES GROWING SMILES CHILDREN'S DENTISTRY, LLC**<br>c/o Dale A. Kates<br>26110 Emery Road<br>Cleveland, OH 44128,<br><br>**and**<br><br>**OHIO VIP DENTAL ASSISTING SCHOOL**<br>c/o Dale A. Kates<br>26110 Emery Road<br>Cleveland, OH 44128<br><br>**and**<br><br>**DALE A. KATES**<br>26110 Emery Road<br>Cleveland, OH 44128<br><br>   **Defendants.** | **CASE NO. 1:24-cv-658**<br><br>**JUDGE**<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(Jury Demand Endorsed Herein)** |

  Plaintiff Valissa Brown, through undersigned counsel, states and alleges the following for her Complaint against Defendants Dr. Kates Growing Smiles Children's Dentistry, LLC, Ohio VIP Dental Assisting School, and Dale A. Kates:

**INTRODUCTION**

  1. Plaintiff institutes this "collective action" as a result of Defendants' practices and

policies of not paying its non-exempt employees, including Plaintiff and other similarly situated dental assistant employees, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over Defendants Dr. Kates Growing Smiles Children's Dentistry LLC and Ohio VIP Dental Assisting School because their principal places of businesses are in Ohio.

4. The Court have personal jurisdiction over Defendant Dale A. Kates because he is a resident of Ohio.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

6. At all relevant times, Plaintiff was a citizen of the United States and a resident of Lake County, Ohio.

7. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

8. At all relevant times, Defendant Dr. Kates Growing Smiles Children's Dentistry, LLC was a corporation organized under the laws of the State of Ohio, with its principal place of business in Cuyahoga County, Ohio.

9. At all relevant times, Defendant Ohio VIP Dental Assisting School was a corporation organized under the laws of the State of Ohio, with its principal place of business in Cuyahoga County, Ohio.

10. At all relevant times, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

11. At times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

12. At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Defendant Dale A. Kates had control over the other defendants' day-to-day business operations and had authority to, among other things, hire and fire employees, direct and supervise employees' work, sign on each of the other Defendants' checking accounts including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

14. At all relevant times, Defendants performed related activities through unified operation and common control for a common business purpose, and thus operated as a single enterprise within the meaning of 29 U.S.C. § 203(r)(1).

15. At all relevant times, Defendants were joint employers within the meaning of 29 U.S.C. § 207 and 29 C.F.R. § 791.2.

16. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

17. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

18. Defendants provide dental services to patients.

19. Between approximately January 2017 and March 2024, Defendants employed Plaintiff as a dental assistant.

20. At all relevant times, Defendant employed similarly-situated employees at their offices throughout Cuyahoga County, Ohio.

21. Defendants classified Plaintiff and other similarly-situated employees as non-exempt from the FLSA's compensation requirements.

22. Defendants paid Plaintiff and other similarly-situated employees on an hourly basis.

**(Failure to Pay Overtime Compensation)**

23. Plaintiff and other similarly-situated employees regularly worked over 40 hours per week.

24. Plaintiff worked, on average, 42 hours each workweek.

25. Rather than paying overtime compensation, Defendants paid Plaintiff and other similarly-situated employees straight time for each hour they worked over 40 hours per workweek.

26. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for the overtime hours he worked.

**(Willful Violation of the FLSA)**

27. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

29. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current dental assistant employees of Dr. Kates Growing Smiles Children's Dentistry, LLC and/or Ohio VIP Dental Assisting School who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for any hours they worked over 40 in any workweek within the last three (3) years and the present.

30. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least one hundred persons.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

32. In addition to Plaintiff, numerous of Defendants' current and former employees are similarly situated with respect to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on their behalf and individually in bringing this action.

33. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys'

5

fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 C.F.R. § 785.24.

36. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

37. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation, pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

D. Award Plaintiff and the class actual damages for unpaid wages;

E. Award Plaintiff and the class pre- and post-judgment interest at the statutory rate;

  F.  Award Plaintiff and the class reasonable attorneys' fees, costs, and disbursements; and

  G.  Award Plaintiff and the class such further relief as this Court deems just and proper.

          Respectfully submitted,

          <u>/s/ Alanna Klein Fischer</u>
          Alanna Klein Fischer (Ohio 0090986)
          Anthony J. Lazzaro (Ohio 0077962)
          The Lazzaro Law Firm, LLC
          The Heritage Bldg., Suite 250
          34555 Chagrin Boulevard
          Moreland Hills, Ohio 44022
          Phone: 216-696-5000
          Facsimile: 216-696-7005
          alanna@lazzarolawfirm.com
          anthony@lazzarolawfirm.com

          Plaintiff's Attorneys

## JURY DEMAND

  Plaintiff hereby demands a trial by jury on all issues so triable.

          <u>/s/ Alanna Klein Fischer</u>
          Alanna Klein Fischer